IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,356-01






EX PARTE JAY VINCENT HOPWOOD, JR. , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-1657-C2 IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because counsel did not convey
a twenty-year plea offer from the State and because counsel wrongly advised applicant that a jury
could sentence him to life without parole. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claims that counsel's alleged ineffectiveness rendered his plea involuntary.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that counsel mis-advised him as to the applicable range of punishment and that counsel did
not convey a twenty-year plea offer. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 29, 2010

Do not publish